1  TODD A. ROBERTS (SBN 129722)
   ALEXANDRIA C. CARRAHER (SBN 299258)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 500
3  Redwood City, CA 94063-2052
   Telephone:  (650) 364-8200
4  Facsimile:  (650) 780-1701
   Email:      todd.roberts@rmkb.com
5              alexandria.carraher@rmkb.com

6  Attorneys for Defendant
   STATE FARM GENERAL INSURANCE COMPANY
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| ROGER AND KIMBERLEE ABBOTT,<br><br>  Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, and Does 1 to 10,<br><br>  Defendants. | No. 2:19-cv-00100-KJM-DB<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER** |

Plaintiffs ROGER ABBOTT and KIMBERLEE ABBOTT and Defendant STATE FARM GENERAL INSURANCE COMPANY, by and through their respective counsel, hereby stipulate and agree to the following:

THIS PROTECTIVE ORDER is made by and among Plaintiffs ROGER AND KIMBERLEE ABBOTT, and Defendants STATE FARM GENERAL INSURANCE COMPANY.

IT IS HEREBY AGREED that the following provisions shall govern disclosure and use in this action of all documents, testimony, and other information produced or given by any party during the course of the pending Action, including those produced or disclosed prior to execution of this Protective Order:

1. When used herein, the term "DISCOVERY MATERIAL" shall mean documents, testimony, or other information produced or given by any PRODUCING PARTY or any third party to whom a subpoena is issued in this litigation.

2. When used herein, the term "PRODUCING PARTY" shall mean the entity that is producing or giving any DISCOVERY MATERIAL.

3. "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items: Information or tangible things that contain or disclose information that the Designating Party in good faith believes to be extremely commercially sensitive or would provide a competitive advantage to competitors or compromise or jeopardize the Designating Party's business interests if disclosed.

4. When used herein, the term "Document(s)" shall mean information (regardless of the medium or how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c) and/or applicable federal privileges.

5. DESIGNATING PARTY: a Party or Non-Party that designates information or DOCUMENTS that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY".

6. All DISCOVERY MATERIAL, as that term is defined in paragraph 1, shall be used solely for the prosecution and/or defense of the Action, including any appeals.

7. DISCOVERY MATERIAL may be designated "CONFIDENTIAL" by any PRODUCING PARTY:

   a. if the DISCOVERY MATERIAL or portions thereof disclose proprietary or confidential commercial or financial information, research, development or trade secrets, the disclosure of which to the PRODUCING PARTY's competitors, customers, or employees would be detrimental to the PRODUCING PARTY's legitimate business interests or disclose any other information detrimental to the reasonable privacy interests of the PRODUCING PARTY; or

b. if the Court shall rule such DISCOVERY MATERIAL to be CONFIDENTIAL after appropriate notice and for good cause shown; or

c. if the Parties agree in writing to treat the DISCOVERY MATERIAL as CONFIDENTIAL; or

d. if the DISCOVERY MATERIAL relates to confidential or private information related to persons other than the Parties (eg. employee personnel or medical files).

The PRODUCING PARTY shall use the CONFIDENTIAL designation in a manner consistent with the legitimate business or privacy interest of the PRODUCING PARTY. The designation of any DISCOVERY MATERIAL as CONFIDENTIAL pursuant to the terms of this Agreement will be done in good faith by the PRODUCING PARTY.

8. The PRODUCING PARTY may designate DOCUMENTS as "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" by marking "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" on each page of the document that contains such information (documents marked "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" under this Stipulation are hereinafter referred to as "CONFIDENTIAL DISCOVERY MATERIAL"). The PRODUCING PARTY may also utilize redactions where appropriate.

9. If CONFIDENTIAL DISCOVERY MATERIAL is used, revealed or testified about at deposition, counsel taking such deposition or counsel for the PRODUCING PARTY shall direct the reporter (a) to mark "CONFIDENTIAL" on each page of the deposition transcript on which such CONFIDENTIAL DISCOVERY MATERIAL is discussed, and (b) to indicate on the face of the transcript those pages of the transcript marked "CONFIDENTIAL."

10. No CONFIDENTIAL DISCOVERY MATERIAL shall be filed with the Court or made public or disclosed to others noted in paragraph 11(a) – (i) without prior Court Order or written agreement of the Parties, subject to the sealing provisions of this Agreement.

4813-9553-9607.1

STIPULATION FOR PROTECTIVE ORDER; ORDER
CASE NO. 2:19-CV-00100-KJM-DB

11. Except by prior Court Order or with the prior written consent of the PRODUCING PARTY no CONFIDENTIAL DISCOVERY MATERIAL shall be disclosed to any person other than:

    a. The Court, court personnel, and jury, subject to paragraphs 14 and 22 herein;

    b. The Parties;

    c. Counsel of record for the parties to the Action and the partners, associates, and employees of such counsel of record;

    d. In-house attorneys for any named party to the Action and regular employees of the in-house legal department of any named party to the Actions;

    e. Deposition and trial witnesses;

    f. Court reporters transcribing depositions or other testimony in the Actions;

    g. Any expert or consultant or any employees thereof retained or consulted by any party in connection with the Action; and

    h. Persons not covered by any of the subparagraphs above who counsel of record for a party believes may possess information relating to the prosecution or defense of this action and the CONFIDENTIAL DISCOVERY MATERIAL and may be potential witnesses to this matter, including the author, recipient, or individual copied on any CONFIDENTIAL DISCOVERY MATERIAL.

    i. Persons not covered by any of the subparagraphs above who serve on a Party a valid subpoena duces tecum to which the CONFIDENTIAL DISCOVERY MATERIAL is responsive. Prior to disclosing any CONFIDENTIAL DISCOVERY MATERIAL in response to a subpoena, a Party must first notify, at least seven days prior to the production, the PRODUCING PARTY and seek in good faith to enter into an agreement with the person issuing the subpoena to treat the CONFIDENTIAL DISCOVERY MATERIAL in a confidential manner and to use it only in the litigation in which the subpoena is issued. A Party who produces documents pursuant to a subpoena

shall not be liable for damages for breach of this Agreement in connection with that disclosure of CONFIDENTIAL DISCOVERY MATERIAL if that Party gives the required seven days' notice to the PRODUCING PARTY and tries in good faith to first enter into a confidentiality agreement with the person issuing the subpoena regarding the CONFIDENTIAL DISCOVERY MATERIAL sought.

12. With the exception of such persons set forth in paragraph 11(i), each person given access to CONFIDENTIAL DISCOVERY MATERIAL shall be advised that such is being provided pursuant and subject to the terms of this Agreement and may not be disclosed. In addition, all persons to whom CONFIDENTIAL DISCOVERY MATERIAL is provided pursuant to paragraph 11(g) or (h) of this Agreement (other than witnesses while testifying) shall be required to sign a copy of an undertaking in the form of Exhibit A hereto. CONFIDENTIAL DISCOVERY MATERIAL shall not be disclosed to any person described in paragraph 11(g) or (h) of this Agreement, who fails to execute an undertaking in the form of Exhibit A. Copies of undertakings pertaining to persons who have reviewed CONFIDENTIAL DISCOVERY MATERIAL shall be provided to the PRODUCING PARTY, if any, at the termination of this action. Notwithstanding anything to the contrary herein, if any Party believes that a violation of this Agreement has occurred that Party shall give notice to all counsel of record. Upon receiving such notice, all Parties shall act in good faith in attempting to reach an agreement regarding the alleged violation. If an agreement cannot be reached by negotiation, any Party may move for relief from this Court.

13. The parties to this litigation agree that all DISCOVERY MATERIAL produced in this matter reflecting a party's financial information, including bank records, may be designated as CONFIDENTIAL DISCOVERY MATERAL and, therefore, subject to this agreement, including the protection afforded consistent with this agreement.

14. Nothing in this Agreement shall prevent the Parties from seeking to re-designate material by adding or withdrawing or challenging designations as CONFIDENTIAL DISCOVERY MATERIAL, during the pendency of this matter, including prior to a trial in one of the Actions for the purposes of this litigation and trial.

4813-9553-9607.1

STIPULATION FOR PROTECTIVE ORDER; ORDER
CASE NO. 2:19-CV-00100-KJM-DB

15. Upon the termination of any Action and after any and all appeals in that Action have been exhausted and unless otherwise ordered by the Court, the Parties shall return CONFIDENTIAL DISCOVERY MATERIAL to STATE FARM, certify that it has destroyed all CONFIDENTIAL DISCOVERY MATERIAL produced in that Action by STATE FARM, including all copies of such materials given to or in the possession of experts or consultants or maintain all CONFIDENTIAL DISCOVERY MATERIAL in a manner which preserves its confidentiality. Notwithstanding the foregoing, each counsel of record shall be entitled to retain one full set of the pleadings and other court filings and official transcripts and exhibits thereto. In addition, counsel of record shall be entitled to retain pleadings and other court filings, official transcripts and exhibits thereto, correspondence and any other material produced by the PRODUCING PARTY but not marked CONFIDENTIAL, and material obtained by means other than production by STATE FARM.

16. Anything in this Agreement to the contrary notwithstanding, any Party may use the services of a photocopying service, printing and binding service, or computer input service with regard to DISCOVERY MATERIAL, provided such services are advised of the CONFIDENTIAL nature of the documents and asked to maintain their confidentiality.

17. Nothing in this Agreement shall preclude any Party from filing a motion seeking further or different protection from the Court under applicable Law.

18. Inadvertent failure to designate DISCOVERY MATERIAL as CONFIDENTIAL by oral or written notice shall not, in itself, be deemed a waiver of any claim of confidentiality as to such material, and may be corrected by supplemental written notice.

19. Nothing in this Agreement shall prevent any Party ("SUBPOENAED PARTY") from producing any document or information in his, her or its possession to another person ("SUBPOENA ISSUER") in response to a subpoena or other compulsory process, provided however, that, if a Party receives a subpoena or other compulsory process seeking production or other disclosure of CONFIDENTIAL DISCOVERY MATERIAL, as that term is defined in paragraph 8 herein, he or she shall give prompt written notice to the PRODUCING PARTY and,

unless prohibited by applicable law, shall enclose a copy of the subpoena or other compulsory process. At least seven (7) days written notice before production or other disclosure must be given. In no event shall production or other disclosure be made before notice is given. It shall be the obligation of the PRODUCING PARTY to obtain a protective order to either preclude or restrict the production of any CONFIDENTIAL DISCOVERY MATERIAL requested pursuant to a subpoena. In the event that the PRODUCING PARTY advises the SUBPOENAED PARTY that it intends to promptly seek such a protective order, no production shall be made pending resolution of such application.

20. This Agreement may not be modified, amended, or vacated except by written agreement, or Order of the Court.

21. The Court retains jurisdiction to enforce this agreement subsequent to the termination of this cause.

22. Without written permission from the PRODUCING PARTY or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any CONFIDENTIAL DISCOVERY MATERIAL. A Party that seeks to file under seal any CONFIDENTIAL DISCOVERY MATERIAL must comply with Eastern District Local Local Rule 141 and/or 141.1, as applicable. CONFIDENTIAL DISCOVERY MATERIAL may only be filed under seal pursuant to a court order authorizing the sealing of the specific CONFIDENTIAL DISCOVERY MATERIAL at issue.

**\*\*\* SIGNATURE PAGE FOLLOWS \*\*\***

**STIPULATION AND PROTECTIVE ORDER SIGNATURE PAGE**

Dated: June 6, 2019            ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ Alexandria C. Carraher*
TODD A. ROBERTS
ALEXANDRIA C. CARRAHER
Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY

Dated: June 6, 2019

By: */s/ Tonna Farrar*
TONNA FARRAR
EVANGELINE F. GROSSMAN
Attorneys for Plaintiffs
ROGER ABBOTT and KIMBERLEE ABBOTT

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: June 6, 2019  /s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials and or Information supplied in connection with the Proceeding, *Roger Abbott et al v. State Farm General Ins. Co. et al*, United States District Court for the Eastern District Court Case No. 19-cv-0100-KJM-DB. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials. I understand and agree that the obligations to maintain the Confidential Materials as confidential shall survive the termination of this Action, except that I may seek the permission of the Designating Party or may move the Court for relief from the provisions of this Order.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, 2019, at_____, California.

_____

| Signature | Address |
| --- | --- |
| Title | City, State, Zip |
|  | Telephone Number |