UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER AND KIMBERLEE ABBOTT, | No. 2:19-cv-00100-KJM-DB |
| Plaintiffs, | |
| v. | ORDER |
| STATE FARM GENERAL INSURANCE COMPANY, et al., | |
| Defendant. | |

    Plaintiffs Roger and Kimberlee Abbott bring this case after defendant State Farm denied the insurance claim for plaintiffs' allegedly stolen Ginger Rogers memorabilia collection. Plaintiffs bring two claims: 1) breach of contract and 2) breach of the covenant of good faith and fair dealing. Defendant now moves for summary judgment on both claims and, alternatively, for partial summary judgment on plaintiffs' second claim. For the following reasons, the motion is **denied**.

I.    **BACKGROUND**

    The court derives the following facts from plaintiffs' complaint, both parties' statements of undisputed facts, the parties' responses to those statements, evidence cited in those statements and the court's review of the record. *See generally* Compl., ECF No. 1; Def.'s Statement of Undisputed Facts (Def.'s SUF), ECF No. 30-2; Def.'s Index Ex., ECF No. 30-6; *see also* Pls.'

Statement of Undisputed and Additional Facts (Pls.' UAF), ECF No. 32-1.  The following facts are undisputed unless noted otherwise.

Roger (Mr. Abbott) and Kimberlee Abbott (Mrs. Abbott) hold a policy with State Farm General Insurance Company.  Mot. at 3, ECF No. 30-1.  The policy covers personal property loss up to a maximum of roughly $200,000.  *Id.*; Def.'s Ex. A at 56, ECF No. 30-6.[1]  The policy requires holders to prepare an inventory of damaged or stolen personal property to "[s]how in detail the quantity, description, age, replacement cost and amount of loss[,] [a]ttach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory."  Def.'s Ex. A at 88.

On September 3, 2013, before the theft they allege here, plaintiffs filed for Chapter 7 bankruptcy.  Pls.' UAF ¶ 3.[2]  Plaintiffs disclosed ownership of only $500 worth of "[b]ooks, picture[s], and other art," *Id.* ¶ 5, and $165 of cash on hand, Bankruptcy Filings, Def.'s Ex. H at 283, ECF No. 30-6.  On December 18, 2013, the court discharged plaintiffs.  Def.'s Ex. H at 294.  On June 1, 2016, the bankruptcy court issued its final decree closing the case.  Pls.' UAF ¶ 7.  Plaintiffs never disclosed ownership of a Ginger Rogers memorabilia collection at any time during their bankruptcy proceeding.  *Id.* ¶ 11.  They also never claimed ownership of a picture or other art collection worth more than $500.  *See generally* Def.'s Ex. H.

Mr. Abbott alleges he purchased a collection of Ginger Rogers memorabilia that included a "players piano, magazine covers, cigarette cards and posters from an individual in a church parking lot on September 27, 2014.  Compl. ¶ 7, 1; Receipt, Faxon Decl. Ex. G at 76, ECF No. 32-2.  Mr. Abbott purchased the collection for less than $4,000.  Pls.' UAF ¶ 6.  On August 9, 2017, Mr. Abbott claims he was traveling with part of the collection to Sacramento, California, to have it appraised.  Compl. ¶ 11; Interview of Sabrina Abbott, Faxon Decl. Ex. G at 94–96, ECF No. 32-2.  Before he reached the appraiser, Mr. Abbott experienced car trouble.  Compl. ¶ 12.  Mr. Abbott pulled over to the side of the road and walked to a nearby Walmart to purchase

---

[1] When citing to the parties' exhibits, the court uses the page numbers automatically generated by the court's CM/ECF filing system.

[2] The court has checked the underlying record and found these facts are undisputed.

2

antifreeze. *Id.* ¶¶ 12–13.  When Mr. Abbott returned to the car, the passenger side window was broken, and the collection and some other items were missing.  *Id.* ¶ 13; Pls.' UAF ¶ 8. Mr. Abbott returned to Walmart and reported the theft to a police officer there.  Compl. ¶ 14.  The next day, Mr. Abbott went to the Rancho Cordova police station to file a report.  *Id*.  The plaintiffs sent a loss report to defendant.  Pls.' UAF ¶ 8.

Plaintiffs sent defendant "a 27-page booklet of facts and photographs purporting to document the purchase, theft, [and] efforts to appraise and to donate, the movie memorabilia at issue."  *Id.* ¶ 9.  Plaintiffs said they valued the stolen collection at $405,323.  *Id.* ¶ 10.  The booklet indicated plaintiffs purchased the collection for under one thousand dollars.  *Id.* ¶ 15. Plaintiffs did not provide any names or information for the collectors involved in the sale.  *Id.* ¶ 16.  When asked at deposition, Mr. Abbott said plaintiffs did not have a receipt for the purchase.  Depo. of Roger Abbott, Def.'s Ex. E at 224–25, ECF No. 30-6.

In a deposition, Mr. Abbott claimed he bought the collection for approximately four thousand dollars.  Pls.' UAF ¶ 17; Def.'s Ex. A at 38.  Mr. Abbott said he did not remember the name of the collection's seller or the individual who referred him to the seller.  Pls.' UAF ¶¶ 18-20.  To show provenance, Mr. Abbott told defendant's investigator he had an inventory list on Ginger Rogers' stationery.  *Id.* ¶ 23.

On October 26, 2017, State Farm retained independent appraiser Jacqueline Pettie to examine the collection.  *Id.* ¶ 24; Mot. at 16.  Ms. Pettie examined photographs, claims forms and statements by the Abbotts.  *Id.* ¶ 24.  She also conferred with three experts over the phone.  *Id.*  In February 2018, Ms. Pettie submitted her report concluding there were numerous problems with the claim, including the possibility some of the posters were reproductions.  *Id.* ¶ 25; Def.'s Ex. A at 109.

In June 2018, Mr. Abbott claimed to have found a receipt for the collection in his truck. Pls.' UAF ¶ 26.  He promptly provided the receipt to the defendant.  *Id.*  On July 20, 2018, defendant denied plaintiffs' claim based on plaintiffs' failure to comply with the procedure outlined in the policy.  Def.'s Ex. A at 46–47.  The denial letter asserts the claim was denied for plaintiffs' failure to comply with their duties to "give immediate notice to [defendant] [and]

3

1  notify the police if the loss is caused by theft. . ., protect the property from further damage or loss
2  . . . , prepare an inventory of damaged or stolen personal property [showing] in detail the quantity,
3  description, age, replacement cost and amount of loss. *Id.* at 47. The plaintiffs were also required
4  to "[a]ttach to the inventory all bills, receipts and related documents that substantiate the figures
5  in the inventory. . ." *Id.* The denial letter also indicated plaintiffs were required to "(1) exhibit
6  the damaged property; (2) provide [defendant] with records and documents [defendant] request[s]
7  and permit [defendant] to make copies; (3) submit to and subscribe, while not in the presence of
8  any other insured: (a) [make] statements; and (b) examinations under oath; and (4) produce
9  employees, members of the insured's household or others for examination under oath to the
10 extent it is within the insured's power to do so. . . ." *Id*.

11       On January 15, 2019, plaintiffs brought this suit against defendant. *See generally* Compl.,
12 ECF No. 1. Defendant moves for summary judgment. Mot., ECF 30. Plaintiffs filed an
13 opposition. Opp'n, ECF No. 32. Defendant filed a reply, Reply, ECF No. 33, and a
14 videoconferenced hearing was held on November 6, 2020, attended by Tonna Faxon and
15 Evangeline Grossman on behalf of plaintiffs and Todd Roberts and Terry Anastassiou on behalf
16 of defendant.

17 **II.   LEGAL STANDARD**

18       A court will grant summary judgment "if . . . there is no genuine dispute as to any material
19 fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The
20 "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved
21 only by a finder of fact because they may reasonably be resolved in favor of either party."
22 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

23       The moving party bears the initial burden of showing the district court "that there is an
24 absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S.
25 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there
26 is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
27 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts
28

of materials in the record . . .; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no genuine issue of material fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247–48 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

A court may consider evidence as long as it is "admissible at trial." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). "Admissibility at trial" depends not on the evidence's form, but on its content. *Block v. City of L.A.*, 253 F.3d 410, 418–19 (9th Cir. 2001) (citing *Celotex Corp.*, 477 U.S. at 324). The party seeking admission of evidence "bears the burden of proof of admissibility." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1004 (9th Cir. 2002). If the opposing party objects to the proposed evidence, the party seeking admission must direct the district court to "authenticating documents, deposition testimony bearing on attribution, hearsay exceptions and exemptions, or other evidentiary principles under which the evidence in question could be deemed admissible . . . ." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385–86 (9th Cir. 2010). However, courts are sometimes "much more lenient" with the affidavits and documents of the party opposing summary judgment. *Scharf v. U.S. Atty. Gen.*, 597 F.2d 1240, 1243 (9th Cir. 1979).

The Supreme Court has taken care to note that district courts should act "with caution in granting summary judgment," and have authority to "deny summary judgment in a case where

5

there is reason to believe the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255. A trial may be necessary "if the judge has doubt as to the wisdom of terminating the case before trial." *Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1507 (9th Cir. 1995) (quoting *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994)). This may be the case "even in the absence of a factual dispute." *Rheumatology Diagnostics Lab., Inc v. Aetna, Inc.*, No. 12-05847, 2015 WL 3826713, at *4 (N.D. Cal. June 19, 2015) (quoting *Black*, 22 F.3d at 572); *accord Lind v. United Parcel Serv., Inc.*, 254 F.3d 1281, 1285 (11th Cir. 2001).

### III. DISCUSSION

Defendant seeks summary judgment, arguing the undisputed facts show plaintiffs failed to establish ownership or value of the collection during the claims process and plaintiffs are estopped from claiming ownership of the collection based on their bankruptcy proceeding. Mot. at 16. In the alternative, defendant moves for partial summary judgment arguing the undisputed facts show it had a good faith reason for denying plaintiffs' claim. Mot. at 2. Considering each of these arguments in turn, the court first addresses defendant's two arguments concerning proof of ownership: the plaintiffs did not comply with policy procedure, and they are judicially estopped from claiming ownership based on their bankruptcy proceeding.

#### A. Plaintiffs' Efforts to Establish Ownership

Defendant denied plaintiffs' claims based on plaintiffs' alleged failure to provide evidence of plaintiffs' owning a Ginger Rogers' memorabilia collection. Defendant argues summary judgment is warranted for this same reason. In viewing the facts in the light most favorable to the plaintiffs, there appears to be a genuine dispute regarding whether plaintiffs sufficiently complied with the policy requirements to establish ownership. The policy required plaintiffs to prepare an inventory and provide details of "the quantity, description, age, replacement cost and amount of loss [and] [a]ttach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory." Def.'s Ex. A at 88. Though there may have been factors present that led defendant to question the validity of the plaintiffs' claim, the 27-page booklet and the receipt of sale show plaintiffs provided documentation that a factfinder could determine established

ownership. Pls.' UAF ¶ 9. Defendant asserts there are facts indicating fraud, including the discrepancies in the alleged purchase price, the late discovery of a receipt plaintiffs originally said they did not have, and the plaintiffs estimated value of the collection. Defendant does not carry its burden because it does not present evidence disproving plaintiffs' ownership of a collection of some value, with the evidence so overwhelming a rational trier of fact could not find in favor of the plaintiffs. *Matsushita*, 475 U.S. at 587; *see S.E.C. v. Koracorp Industries, Inc.*, 575 F.2d 692, 699 (9th Cir. 1978) ("summary judgment is singularly inappropriate where credibility is at issue"); *Allstate Ins. Co. v. Breeden*, 216 F. App'x 655, 658 (9th Cir. 2007) ("[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"); *Nationwide Agribusiness Ins. v. George Perry & Sons, Inc.*, 338 F. Supp. 3d 1063, 1078 (E.D. Cal. 2018) (in considering the "sham affidavit rule," noting "the court is not to make credibility determinations when granting or denying summary judgment").

### B. Judicial Estoppel

Alternatively, defendant asserts plaintiffs are judicially estopped from claiming ownership because they did not disclose the collection in their bankruptcy proceeding. Mot. at 2. Defendant argues: 1) plaintiffs' position they owned a collection worth hundreds of thousands of dollars is inconsistent with their disclosure in their Chapter 7 bankruptcy; 2) plaintiffs misled the bankruptcy court by persuading the court to approve the final disposition and discharge them without considering the collection; and 3) this will impose an unfair detriment on defendant. *Id.* at 16—18 (citing Def.'s Ex. H).

Plaintiffs contend judicial estoppel does not apply because they had no duty to disclose the collection, which they purchased about a year after filing for bankruptcy. Opp'n at 17. Plaintiffs argue they had no ongoing duty to amend their Chapter 7 bankruptcy filings to include property acquired after they filed their initial petition. Though the Final Decree issued on June 1, 2016, plaintiffs assert they were unaware of any duty to continue to report assets, following their discharge on December 18, 2013. *Id.* at 8. Plaintiffs further argue that the doctrine of judicial estoppel does not apply because they did not knowingly make a misrepresentation to the

7

bankruptcy court, and any duty to disclose they failed to meet was done so inadvertently or by mistake. *Id.* at 20.

Judicial estoppel "is an equitable doctrine a court may invoke to protect the integrity of the judicial process." *United Nat. Ins. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 778 (9th Cir. 2009). This doctrine bars litigants from both taking inconsistent positions in the same litigation and making incompatible statements in two different cases. *Id*. (citation omitted). The current position must be "clearly inconsistent" with the earlier position. *Id*. (citing *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). Under California case law, judicial estoppel applies when: (1) the same party takes two positions; (2) the party took those positions in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position; (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake. *Padron v. Watchtower Bible & Tract Soc'y of New York, Inc.*, 16 Cal. App. 5th 1246, 1263–64 (2017) (citing *People v. Castillo*, 49 Cal. 4th 145, 155 (2010)). As an "extraordinary and equitable remedy that can impinge on the truth-seeking function of the court and produce harsh consequences, [judicial estoppel] must be applied with caution and limited to egregious circumstances . . . , that is, when a party's inconsistent behavior will otherwise result in a miscarriage of justice." *Minish v. Hanuman Fellowship*, 214 Cal. App. 4th 437, 449 (2013) (internal quotation marks and citations omitted). "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (citing *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992)).

Here, defendant's assertion of judicial estoppel fails. At the time plaintiffs first filed in bankruptcy court they did not disclose the collection in their petition; nothing in the record suggests they owned the collection at the time. Defendant does not show that plaintiffs' failure to notify the bankruptcy court after their discharge was a function of intentional wrongdoing, as defendant argues, and not merely a product of mistake as plaintiffs claim. *See Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 272 (9th Cir. 2013) ("court is not 'bound' to apply judicial

8

estoppel, particularly when 'a party's prior position was based on inadvertence or mistake'"); *Cloud v. Northrop Grumman Corp.*, 67 Cal. App. 4th 995, 10l7 (1998) ("An inconsistent argument sufficient to invoke judicial estoppel must be attributable to intentional wrongdoing"). Even assuming the plaintiffs were required to disclose their acquisition of the collection after the bankruptcy discharge, as noted the parties dispute whether the failure to do so was a result of intentional wrongdoing or a mistake brought about by ignorance of the law. The current record does not allow the court to reach a conclusion regarding the plaintiffs' state of mind and knowledge at the relevant time. Resolution of this dispute is a question of fact with any credibility determinations best left to a neutral factfinder. *Gonzalez v. Cty. of Yolo*, No. 2:13-1368, 2014 WL 5115059, at *2 (E.D. Cal. Oct. 10, 2014) ("[J]udicial estoppel does not apply if the court finds the omission was an inadvertent mistake."); *Nationwide Agribusiness Ins*, 338 F. Supp. 3d at 1075 (denying summary judgment and judicial estoppel when movant did not show "any purported position taken by [nonmovant] was deliberate . . . [or] were not 'a result of ignorance, fraud, or mistake.'"). Defendant's motion for summary judgment on plaintiff's breach of contract claim is denied.

### C. Good Faith and Fair Dealing

Defendant argues the undisputed facts show defendant acted reasonably in withholding the six-figure payout of benefits because the facts of this case presented indicators of fraud. Mot. at 1, 24. According to defendant, the National Insurance Crime Bureau lists as indicators of a false claim: "a claim made without documentation of purchase or acquisition, by a claimant with recent financial issues, under questionable circumstances (such as extremely high-value items stolen from a car) and a history of similar claims." *Id*. at 1. The defendant asserts all these flags were present in this case in addition to other indicators including "changing stories," "unusual interest in the claims-handling process," and "the insured's use of aggressive rhetoric in dealing with the insurer." *Id*. Defendant asserts the undisputed facts show the presence of each of these factors, especially inconsistent statements by Mr. Abbott regarding the purchase of the collection and whether he had a receipt for the purchase. *Id.* at 25; *See Hodjat v. State Farm Mut. Auto*

/////

*Ins. Co.* 211 Cal.App.4th 1, 9 (2012) (granting summary judgment because policyholder made false and inconsistent statements and the policy denied coverage in the event of false statements).

Plaintiffs argue summary judgment is inappropriate because defendant failed to thoroughly investigate the claim. Opp'n at 21. Plaintiffs argue this is evidenced by defendant's inconsistent arguments, namely, defendant's contention plaintiffs "over-documented" their claim, thereby giving rise to fraud speculation, while simultaneously denying the claim based on inadequate documentation of ownership. *Id.* (citing S. Johnson Decl. ¶ 2, ECF No. 30-4 and Denial Letter, Def.'s Ex. A at 46–47). Plaintiffs further allege bad faith based on defendant utilizing an expert who acted unreasonably. *Id.* at 23. Plaintiffs claim the overall investigation and expert examination were unreasonable because there was no inspection of the inventory list plaintiffs provided or the memorabilia remaining in plaintiffs' possession. *Id.* at 11.

All insurance contracts in California incorporate an implied covenant of good faith and fair dealing. *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 573 (1973). When benefits are due to an insured, "delayed payment based on inadequate or tardy investigations, oppressive conduct by claims adjusters seeking to reduce the amounts legitimately payable and numerous other tactics may breach the implied covenant[.]" *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 36 (1995) (citation, internal quotation marks omitted). To succeed on a bad faith claim, the insured must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause. *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 721 (2007).

Even where benefits are due under the policy, withholding them is not bad faith "if the insurer conduct[s] a 'thorough and fair' investigation, after which there remained a 'genuine dispute' as to coverage liability." *Bravo v. U.S. Life Ins. Co. in City of N.Y.*, 701 F. Supp.2d 1145, 1159 (E.D. Cal. 2010) (citing *Wilson, id.*).

> 'The genuine issue rule [. . .] allows a [ ] court to grant summary judgment when it is undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable–for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability under California law. . . . On the other hand,

/////

> an insurer is not entitled to judgment as a matter of law where, viewing the facts in the light most favorable to the plaintiff, a jury could conclude that the insurer acted unreasonably.'

*Wilson*, 42 Cal. 4th at 724 (quoting *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161–62 (9th Cir. 2002)). "A dispute is legitimate, if 'it is founded on a basis that is reasonable under all the circumstances.'" *Zubillaga v. Allstate Indemnity Co.*, 12 Cal. App. 5th 1017, 1028 (2017) (citation and internal marks omitted). The standard of whether a dispute has a reasonable basis is an objective one. *Bosetti v. United States Life Ins. Co. in City of N.Y.*, 175 Cal. App. 4th 1208, 1236–37 (2009).

"While the reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact, it becomes a question of law where the evidence is undisputed and only one reasonable inference can be drawn from the evidence." *Chateau Chamberay Homeowners Ass'n v. Associated Intern. Ins. Co.*, 90 Cal. App. 4th 335, 346 (2001) (citation omitted). Under California law, the genuine dispute doctrine may be applied at the summary judgment stage to purely factual disputes, as appropriate on a case-by-case basis. *Id.* at 348 (citing *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 994 (9th Cir. 2001)). One of the situations in which the question of whether there is a genuine coverage dispute could remain a factual question for the jury, is where the insurer fails to conduct a thorough investigation. *Id*.

As plaintiffs correctly point out, the Ninth Circuit has found summary judgment is not warranted when an insurer fails to investigate thoroughly or the insurer dishonestly selected its expert, or the expert is unreasonable. *See Guebara*, 237 F.3d at 987. Here, defendant denied plaintiffs' claim based on inadequate documentation and failure to sustain their burden of proving ownership of an authentic collection of Ginger Rogers' memorabilia. But by defendant's own admission at hearing, plaintiffs submitted documentation of owning a collection including pictures, a police report and a torn lobby card defendant's expert found to be authentic. Even viewing the facts in the light most favorable to the plaintiff, a factfinder could determine the defendant's investigation was thorough. However, the undisputed facts are not such that "only one reasonable inference can be drawn from the evidence," such as in cases where it is clear the property that is the subject of the dispute is not covered by the insurance policy. *See Chateau*

*Chamberay Homeowners Ass'n*, 90 Cal. App. 4th at 346 (finding no factual dispute of bad faith because insurer reasonably refused claims "that were not covered under the policy"); *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 824–25 (9th Cir. 2014). Thus, the question of bad faith is not amenable to summary judgment and defendant's motion is **denied**.

IV.     CONCLUSION

(1) Defendant's motion for summary judgment on both claims is **denied**.

(2) Defendant's motion for partial summary judgment on the second claim is **denied**.

This order resolves ECF No. 30

IT IS SO ORDERED.

DATED: March 16, 2022.

CHIEF UNITED STATES DISTRICT JUDGE